UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cork-Howard Construction Company,   Case No. 16-cv-1964

       Plaintiff

    v.   MEMORANDUM OPINION

Dirty D Properties, LLC, et al.,

       Defendants

## I. INTRODUCTION

Before me is Plaintiff Cork-Howard Construction Company's motion to dismiss Defendant Dirty D Properties, LLC's counterclaims three through six. (Doc. No. 17). Defendant Dirty D Properties, LLC opposed the motion. (Doc. No. 25).

## II. BACKGROUND

Plaintiff Cork-Howard Construction Company ("CHC") and Defendant Dirty D Properties, LLC executed a contract on December 4, 2015. (Doc. No. 10 at 5). Under the contract, CHC agreed to perform construction services at Dirty D's Marco's Pizza property in Lima, Ohio over the course of the next 90 days. *Id.* While roof repair was not included in the original contract, the contract was amended after approximately 30 days to add work to the roof of the property. *Id.* Before the amendment to the contract, at CHC's direction, Defendant RBK Enterprise, LLC installed a tarp onto the top of the building to protect the property. *Id.* But on December 26, 2015, a rain storm caused substantial damage to the property due to allegedly faulty installation of the tarp. *Id.* Further, because electrical work in the basement was allegedly not properly performed, the sump pump was not operational during the storm. *Id.* Since that time, Dirty D claims CHC has not fulfilled its obligations under the contract other than repairing some of the water damage. *Id.*

Because of this alleged failure, Dirty D brings counterclaims of breach of contract, breach of warranty, fraud, promissory estoppel, negligent construction, and negligent hiring, retention, and supervision.

### III.     STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir

2008). I "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

IV. DISCUSSION

CHC moves to dismiss Dirty D's claims of fraud, promissory estoppel, negligent construction, and negligent hiring, retention, and supervision on grounds that these claims cannot coexist with Dirty D's contract claims.

A. Tort Claims

"[U]nder Ohio law[,] the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Wolfe v. Cont'l Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981) (citing *Ketcham v. Miller*, 104 Ohio St. 372 (1922)). Instead, a tort claim may be asserted only when "a party breaches a duty which he owes to another independently of the contract, that is, a duty which would exist even if no contract existed." *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117 (6th Cir. 1976) ("The tort liability of parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation.") (citing *Bowman v. Goldman Bros. Co.*, 109 N.E.2d 556, 557) (Ohio Ct. App. 1952)); *see also Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 276 (1983) ("[I]t is well established in Ohio that it is no tort to breach a contract, regardless of motive. Rather, the liability arises from the breach of the positive legal duty imposed by law due to the relationships of the parties.") (citations omitted).

1. Fraudulent Inducement

Generally, "a breach of contract does not create a tort claim, regardless of the motive of the promisor." *Battista*, 538 F.2d at 118; *see also Ketcham*, 104 Ohio St. 372, at syl. ¶ 1 (finding a breach of contract could not be converted to a tort regardless of whether "the breach was unlawful, willful,

3

wanton, and malicious."); *The Salvation Army v. Blue Cross & Blue Shield of N. Ohio*, 92 Ohio App. 3d 571, 578 (Ohio Ct. App. 1993) ("The addition of the adverbs intentionally, willfully, and fraudulently will not change a breach of contract claim to one sounding in tort."); *Res. Title Agency, Inc. v. Morreale Real Estate Servs., Inc.*, 314 F. Supp.2d 763, 774 (N.D. Ohio 2004) ("If the gravamen of the complaint is for breach of contract, the cause of action will not be transformed into one sounding in tort by the charge of tortious conduct or the addition of the adverbs intentionally, willfully, and fraudulently."). But Dirty D's first claim is pled as one of fraudulent inducement which may coexist with a claim of breach of contract. *See Res. Title Agency, Inc.*, 314 F. Supp.2d at 774-75. To establish a fraudulent inducement claim, "a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." *ABM Farms, Inc. v. Woods*, 81 Ohio St. 3d 498, 502 (1998). Further, because of the heightened pleading standard of fraud required by Federal Rule of Civil Procedure 9(b), Dirty D must

> at a minimum, [ ] 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.' However, 'allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.' The threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendants to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'

*Coffey v. Foamex L.P*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.,* 814 F.Supp. 1375, 1385 (W.D.Mich.1992)).

Here, Dirty D alleges that at the time of contracting, CHC never intended to perform the work under the contract within the time proscribed. But Dirty D fails to plead particular facts to support this claim. The pleading does not indicate any specificity about any alleged false representation CHC *knowingly* made to Dirty D at the time of contracting to induce reliance by Dirty D. Dirty D has not alleged a fraudulent scheme, but merely brings the claim on the basis that the work was not timely completed in accordance with the terms of the contract. I do not find the

failure to complete the work at the end of the contract to create a plausible claim that CHC never intended to timely complete the work at the outset of the contract, especially given the fact that the contract was amended to add additional work after CHC had begun performance. Simple artful pleading will not convert this breach of contract claim into one of fraudulent inducement. Since Dirty D has failed to state the claim of fraud with the requisite particularity, the claim must be dismissed.

2.  Negligent Construction

As noted above, to maintain both a tort and contract action concurrently, there must be a separate duty owed in tort law, independent of the contract. Although Dirty D attempts to distinguish these as tort claims by stating the contract itself does not address the specific duties, fails to an independent tort law duty under which these claims may be sustained. While Ohio law recognizes a legal duty on a builder to perform services in a workmanlike manner, this duty arises from contract law rather than tort. *See Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St. 3d 226, 228-29 (2001) (following *Tibbs v. Nat'l Homes Constr. Corp.*, 52 Ohio App. 2d 281, 292-93 (Ohio Ct. App. 1977) and *Lloyd v. Fannin Builders, Inc.*, 40 Ohio App. 2d 507, 510 (Ohio Ct. App. 1973)); *First Nat'l Bank of Akron v. Cann*, 503 F. Supp. 419, 440 (N.D. Ohio 1980) (same), *aff'd on other grounds*, 669 F.2d 415 (6th Cir. 1982); *see also Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.*, 656 F. Supp.49, 61 (S.D. Ohio 1986) (same). Here, the claims of negligent construction and negligent hiring, retention, and supervision each cite CHC's duty to exercise "reasonable care" when performing the construction services it was obligated by contract to perform. Essentially, both negligence claims assert a breach of CHC's legal duty to perform in a workmanlike manner. Since this is a contractual duty, the tort claims must be dismissed as a matter of law. *See First Nat'l Bank of Akron*, 503 F. Supp. at 440; *Cincinnati Gas & Elec. Co.*, 656 F. Supp. at 61.

B.  Promissory Estoppel

It is well established under Ohio law that "[p]romissory estoppel is not applicable where the parties' claims are governed by a valid contract." *Right-Now Recycling, Inc. v. Ford Motor Credit Co., LLC*, 644 F. App'x 554, 558 (6th Cir. 2016); *see also Olympic Holding Co., L.L.C. v. ACE Ltd.*, 122 Ohio St. 3d 89, 96-97 (2009) (holding "promissory estoppel is an adequate remedy for a fraudulent oral promise or breach of an oral promise, absent a signed agreement."); *Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475, 485 n.6 (N.D. Ohio 2007) ( "[W]here the rights and obligations of the parties are set forth in a written agreement, the equitable doctrine of promissory estoppel is unavailable."). Since both parties agree that a valid contract exists here, promissory estoppel may not be used to enforce the obligations of that contract and the claim must be dismissed.

V. CONCLUSION

For the foregoing reasons, CHC's motion to partially dismiss is granted. (Doc. No. 17). Dirty D's counterclaims of fraud, promissory estoppel, negligent construction, and negligent hiring, retention, and supervision are dismissed as a matter of law.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge